USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOINA ROSU ALMAZON,  :
                                    Plaintiff,  :
                                            :
                -against-  :
                                            :
JPMORGAN CHASE BANK, National  :
Association,  :
                                   Defendant.  :
------------------------------------------------------------X

19-CV-4871 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       Plaintiff Doina Almazon seeks a temporary restraining order ("TRO") staying the foreclosure sale of her home. Ms. Almazon commenced this action by filing a *pro se* complaint on May 24, 2019, alleging numerous violations of federal and state laws stemming from Defendant JPMorgan Chase Bank's efforts to litigate a foreclosure action against Ms. Almazon's home in Supreme Court of the State of New York, County of Nassau. *See generally* Compl. (Dkt. 1). On June 17, 2019, Ms. Almazon removed the foreclosure action from state court into federal court by filing a notice of removal on the federal docket for this action and filing and serving the notice in state court and on JPMorgan Chase Bank. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). Because the removal was defective for a number of reasons,[1] Ms. Almazon, at that point acting through counsel, consented to the remand of the foreclosure action, which this Court granted. *See* Dkt. 25. During the period between

---

[1] Among other problems, the notice of removal was not filed within 30 days of service of the initial pleading and should have been filed in the Eastern District of New York, where Nassau County is located. *See* 28 U.S.C. § 1446(a)-(b); 28 U.S. C. § 112.

removal and remand, however, the parties continued to litigate the foreclosure proceeding in state court, and the state court denied Ms. Almazon's motion to reargue the judgment of foreclosure. *See* Dkt. 41 at 3. Apparently because the property is scheduled to be auctioned at a foreclosure sale on December 17, 2019, and perhaps also because the state court refused to reconsider its decision denying her motion to reargue the judgment of foreclosure, Ms. Almazon, again acting *pro se*,[2] filed a letter with this Court on December 12, 2019, Dkt. 37, seeking an emergency order staying the foreclosure sale and voiding the state court's decision denying the motion to reargue as being issued without jurisdiction. *See* 28 U.S.C. § 1446(d); *U.S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971) ("The state court is deprived of jurisdiction to proceed with the removed action unless and until the case is remanded, irrespective of whether the action is removable." (citation omitted)). As explained at the emergency hearing held on December 16, 2019, this Court cannot grant the relief that Ms. Almazon seeks.

To obtain a TRO, the movant must establish that "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that [granting preliminary relief] is in the public interest." *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (quotation marks and citation omitted); *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) ("The standard for an entry of a TRO is essentially the same as for a preliminary injunction.").

---

[2] Plaintiff's counsel has moved to be relieved from representation. Dkts. 35-36.

Ms. Almazon has not succeeded in establishing a likelihood of success on the merits or even serious questions going to the merits of her claims. First, the foreclosure action has been remanded to state court, Dkt. 25, which means that this Court no longer has jurisdiction over the foreclosure proceeding—there is simply no relevant claim pending before this Court for which Ms. Almazon can even argue the merits and possibly obtain preliminary relief.[3] Because the affirmative claims pending against JPMorgan Chase before this Court are separate from and tangential to the foreclosure action initiated by JPMorgan Chase, they cannot provide a basis for this Court to enjoin the foreclosure action, even if the Court were to agree with Ms. Almazon that the state court's denial of her motion to reargue was void because it was entered prior to the remand of the foreclosure action from this Court. Second, to the extent that Ms. Almazon's request can be construed to be a motion for this Court to reconsider the remand of the foreclosure proceeding, that request must be denied. As Plaintiff's counsel previously acknowledged, Dkt. 22 at 3 n.2, the removal was improper, and Plaintiff has provided no legal

---

[3] In a supplemental submission to the Court, Plaintiff cites to a case from the District of New Jersey, which held that a federal court may, at any time, pursuant to the Anti-Injunction Act and All Writs Act, assume jurisdiction and enjoin a state proceeding, if the litigation in state court has the effect of eviscerating the federal court's order. *Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cty.*, 988 F. Supp. 486, 495 (D.N.J. 1997). The only relevant order in this case is an order of remand, which would not be eviscerated by any action currently anticipated in state court.

Plaintiff also cites a decision from the Southern District of Texas, seemingly for the proposition that 28 U.S.C. § 1446(d) operates as a grant of jurisdiction to supervise actions of the state court, such that the Court may enjoin a state court proceeding even after the case has been remanded, in order to correct procedural defects committed by the state court. *See McAdams v. Medtronic, Inc.*, No. 10-CV-2336, 2010 WL 2710393, at *3 (S.D. Tex. July 7, 2010). *McAdams*, however, contains no such holding because the Southern District of Texas vacated the state court's post-removal actions prior to any remand. *See id.* at *1, 4.

Finally, at the hearing, Plaintiff's counsel pointed to a decision from the Middle District of North Carolina, in which a district court voided "post-remand" actions taken by the state court. *See Bryan v. Bellsouth Telecomms., Inc.*, No. 02-CV-228, 2006 U.S. Dist. LEXIS 35650, at *17-19 (M.D.N.C. May 31, 2006). That case, however, presented the unusual scenario of the district court's remand order being vacated by the Court of Appeals for the Fourth Circuit, which nullified the remand order; as a result, the remand, for all practical purposes, never occurred, and the district court never lost jurisdiction over the action. *Id*. In sum, Plaintiff has not identified any case showing that this Court retains jurisdiction over the remanded foreclosure action.

basis for the Court to reconsider the remand decision.[4]  Third, to the extent that Plaintiff seeks a stay so that she can once again remove the foreclosure action to federal court, there is no serious dispute that this Court may not vacate the judgment of foreclosure issued by the state court, even if the foreclosure action were once again before this Court.[5]  *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426-27 (2d Cir. 2014) ("To the extent [Plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [Plaintiff's] claim."); *Ford v. U.S. Dep't of Treasury I.R.S.*, 50 F. App'x 490, 491 (2d Cir. 2002) ("Ford's claims regarding the alleged fraud and the statute of limitations with respect to the foreclosure judgment are inextricably intertwined with the state court's underlying foreclosure judgment.").  And because Ms. Almazon has not demonstrated any possibility of obtaining the ultimate remedy she seeks from this Court, *i.e.*, a vacatur of the judgment of foreclosure, it would also not be in the public interest to grant her preliminary relief.

For those reasons, Ms. Almazon's letter, which the Court construes as a motion for a TRO, is DENIED.  Although Plaintiff requested that this Court permit an interlocutory appeal in the event of a denial of the motion for a TRO, such permission is not necessary because, given the timing of the foreclosure sale, this Court's decision can be effectively challenged only by an

---

[4]  Plaintiff asserted in her December 12, 2019, letter that she did not understand when she consented to remand the foreclosure action that it would mean that she would be litigating in two courts.  Dkt. 37.  Whether she understood that or not, her consent was not the sole cause of the remand.  Even absent consent, the case would have been remanded for the reasons discussed *supra*.

[5]  To the extent that Ms. Almazon contends that her motion for an emergency stay is distinct from seeking vacatur of the judgment of foreclosure so as to fall beyond the reach of *Rooker-Feldman*, that argument is also unavailing.  Not only did the state court issue a judgment of foreclosure, Ms. Almazon, according to her statements at the emergency hearing, already argued to the state court that the state court's denial of her motion to reargue was improperly rendered in a removed case.  To now advance the same argument for a stay before this Court is contrary to *res judicata* as well as *Rooker-Feldman*.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) ("Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

immediate appeal.  *See First Eagle SoGen Funds, Inc. v. Bank for Int'l Settlements*, 252 F.3d 604, 607 (2d Cir. 2001).

**SO ORDERED.**

**Date:  December 16, 2019**
  **New York, New York**

          **VALERIE CAPRONI**
          **United States District Judge**